IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-03154-BNB

DR. K K BUCCINI, existing as
M S MOSLEY, et al.,

    Plaintiff,

v.

REGINA SANDERS GROFF, and
BEVERLY J. HARVARD,

    Defendants.

ORDER DIRECTING PLAINTIFF TO CURE DEFICIENCIES AND
FILE AMENDED COMPLAINT

    Plaintiff, Dr. K K Buccini, also known as M S Mosley, Karolina Kennedy Buccini, and Maleika S. Mosley, formerly known as Karolina Rosa Kennedy Ferrara, filed *pro se* a letter (ECF No. 1) and an application to proceed in district court without prepaying fees or costs.  For purposes of this order, Plaintiff will be referred to as Dr. Buccini.

    On December 9, 2011, Magistrate Judge Boyd N. Boland entered an order directing Dr. Buccini to file within thirty days a motion and affidavit for leave to proceed pursuant to 28 U.S.C. § 1915 and a complaint on the proper, Court-approved forms available, together with the applicable instructions, at www.cod.uscourts.gov.  The December 9 order informed Dr. Buccini that, as an alternative to filing a § 1915 motion and affidavit on the Court-approved form, she could pay the $350.00 filing fee in advance.  The December 9 order warned Dr. Buccini that, if she failed to cure the designated deficiencies within the time allowed, the action would be dismissed without

further notice and without prejudice.

On January 4, 2012, Dr. Buccini filed a complaint (ECF No. 4) for money damages pursuant to 18 U.S.C. § 241 and 42 U.S.C. § 1985(2) and (3) and an application to proceed in district court without prepaying fees or costs (ECF No. 5). Neither document was submitted on the Court-approved forms Magistrate Judge Boland directed Dr. Buccini to obtain from the Court's website. However, the action will not be dismissed for that reason. Dr. Buccini will be given one final opportunity to submit in thirty days either the $350.00 filing fee or a § 1915 motion and affidavit on the proper, Court-approved form available at www.cod.uscourts.gov.

In addition, Dr. Buccini will be directed to file within thirty days an amended complaint on the proper, Court-approved form, also available, together with the applicable instructions, at www.cod.uscourts.gov. Dr. Buccini may not pursue her asserted claims pursuant to § 241. There is no private cause of action under § 241. *See Diamond v. Charles*, 476 U.S. 54, 64-65 (1986) (private citizens cannot compel enforcement of criminal law); *see also Newcomb v. Ingle*, 827 F.2d 675, 676 n.1 (10th Cir. 1987) (noting criminal statute does not provide for private cause of action). A plaintiff cannot recover civil damages for an alleged violation of a criminal statute. *Shaw v. Neece*, 727 F.2d 947, 949 (10th Cir. 1984); *see also Winslow v. Romer*, 759 F. Supp. 670, 673 (D. Colo. 1991) ("Private citizens generally have no standing to institute federal criminal proceedings.").

The amended complaint Dr. Buccini will be directed to file must comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the

claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992).

Specifically, Rule 8(a) requires that a complaint "contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for the relief sought . . . ." The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8. In order for Dr. Buccini to state a claim in federal court, her "complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007).

Dr. Buccini fails to set forth a short and plain statement of her claims showing she is entitled to relief. In fact, she fails to assert any claims, instead dividing her complaint into sections titled "Nature of Case," "The Parties," "Jurisdiction and Venue," "Facts," "Factual Allegations," "Relief Sought," and "Request for Jury Trial." Moreover, she makes additional allegations in the application to proceed in district court without

3

prepaying fees or costs (ECF No. 5) she filed on January 4.  Piecing together Dr. Buccini's allegations from different documents is not a judicial function.  Nor is it the responsibility of the defendants.  It is Dr. Buccini's job to present her claims in a manageable format that allows the Court and the defendants to know what claims are being asserted and to be able to respond to those claims.  The general rule that *pro se* pleadings must be construed liberally has limits and "the Court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record."  *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

In the amended complaint she will be directed to file, Dr. Buccini must allege, simply and concisely, her specific claims for relief.  She must not set forth an extended and unnecessary discussion of often insignificant details and legal argument in support of her claims rather than providing "a generalized statement of the facts from which the defendant may form a responsive pleading."  *New Home Appliance Ctr., Inc., v. Thompson*, 250 F.2d 881, 883 (10th Cir. 1957).  For the purposes of Rule 8(a), "[i]t is sufficient, and indeed all that is permissible, if the complaint concisely states facts upon which relief can be granted upon any legally sustainable basis."  *Id.*

Dr. Buccini also must assert personal participation by each named defendant. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976).  To establish personal participation, Dr. Buccini must show how the named defendants caused a deprivation of her federal rights.  *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985).  There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise.  *See Butler v. City of Norman*,

992 F.2d 1053, 1055 (10th Cir. 1993).  A defendant may not be held liable on a theory of respondeat superior merely because of his or her supervisory position.  *See Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986); *McKee v. Heggy*, 703 F.2d 479, 483 (10th Cir. 1983).

Dr. Buccini may use fictitious names, such as "John or Jane Doe," if she does not know the real names of the individuals who allegedly violated her rights.  However, if Dr. Buccini uses fictitious names she must provide sufficient information about each defendant so that he or she can be identified for purposes of service.

Dr. Buccini, therefore, will be directed to file an amended complaint that contains a short and plain statement of the statutory grounds for the Court's jurisdiction, states her claims clearly and concisely and legibly, asserts what constitutional rights were violated, and alleges specific facts demonstrating how each named defendant personally participated in the asserted constitutional violations.  Accordingly, it is

ORDERED that Plaintiff, Dr. K K Buccini, **within thirty (30) days from the date of this order**, file a motion and affidavit for leave to proceed pursuant to 28 U.S.C. § 1915 and an amended complaint on the proper, Court-approved forms available, together with the applicable instructions, at www.cod.uscourts.gov.  It is

FURTHER ORDERED that, as an alternative to filing a § 1915 motion and affidavit on the Court-approved form, Dr. Buccini may pay the $350.00 filing fee **within thirty (30) days from the date of this order**.  It is

FURTHER ORDERED that the amended complaint must comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure and with the

directives of this order. It is

>FURTHER ORDERED that if Dr. Buccini fails to file an amended complaint as directed within the time allowed, the complaint and the action will be dismissed without further notice.

DATED at Denver, Colorado, this 18th day of January, 2012.

>BY THE COURT:
>
>*s/Craig B. Shaffer*
>Craig B. Shaffer
>United States Magistrate Judge