IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-03154-LTB

DR. K K BUCCINI, existing as
M S MOSLEY, et al.,

    Plaintiff,

v.

REGINA SANDERS GROFF, and
BEVERLY J. HARVARD,

    Defendants.

---

ORDER DENYING MOTION TO RECONSIDER

---

Plaintiff, Dr. K K Buccini, also known as M S Mosley, Karolina Kennedy Buccini, and Maleika S. Mosley, and formerly known as Karolina Rosa Kennedy Ferrara, filed *pro se* on March 27, 2012, a motion titled "Motion to Vacate and Set Aside Judgment and to Expunge the Record in Nature of Coram Nobis" (ECF No. 13) and supporting brief (ECF No. 14). She asks the Court to reconsider and vacate the Amended Order of Dismissal (ECF No. 11) and Amended Judgment (ECF No. 12) entered in this action on February 27, 2012.

The Court must construe the motion to vacate liberally because Dr. Buccini is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Therefore, the Court will construe the motion as a motion to reconsider. For the reasons discussed below, the motion to reconsider will be denied.

A litigant subject to an adverse judgment who seeks reconsideration by the district court of that adverse judgment may "file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)." *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991). A motion to alter or amend the judgment must be filed within twenty-eight days after the judgment is entered. *See* Fed. R. Civ. P. 59(e). The Court will consider Dr. Buccini's motion to reconsider pursuant to Rule 59(e) because the motion was filed within twenty-eight days after the Amended Judgment was entered in this action. *See Van Skiver*, 952 F.2d at 1243 (stating that motion to reconsider filed within ten-day limit for filing a Rule 59(e) motion under prior version of that rule should be construed as a Rule 59(e) motion).

A Rule 59(e) motion may be granted "to correct manifest errors of law or to present newly discovered evidence." *Phelps v. Hamilton*, 122 F.3d 1309, 1324 (10th Cir. 1997) (internal quotation marks omitted). Relief under Rule 59(e) also is appropriate when "the court has misapprehended the facts, a party's position, or the controlling law." *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). However, a Rule 59(e) motion is not a new opportunity to revisit issues already addressed or to advance arguments that could have been raised previously. *See id*.

Some background is in order. On December 9, 2011, Magistrate Judge Boyd N. Boland entered an order (ECF No. 3) directing Dr. Buccini to file within thirty days a motion and affidavit for leave to proceed pursuant to 28 U.S.C. § 1915 and a complaint on the proper Court-approved forms, which are available together with the applicable instructions at www.cod.uscourts.gov. The December 9 order informed Dr. Buccini that,

as an alternative to filing a § 1915 motion and affidavit on the Court-approved form, she could pay the $350.00 filing fee in advance. The December 9 order warned Dr. Buccini that if she failed to cure the designated deficiencies within the time allowed the action would be dismissed without further notice and without prejudice.

On January 4, 2012, Dr. Buccini filed a complaint (ECF No. 4) for money damages pursuant to 18 U.S.C. § 241 and 42 U.S.C. § 1985(2) and (3) and an application to proceed in district court without prepaying fees or costs (ECF No. 5). Neither document was submitted on the Court-approved forms. However, the action was not dismissed for that reason.

In an order filed on January 18, 2012, the Court gave Dr. Buccini one final opportunity to submit in thirty days either the $350.00 filing fee or a § 1915 motion and affidavit on the proper Court-approved form. In addition, the Court directed Dr. Buccini to file within thirty days an amended complaint on the proper Court-approved form. The January 18 order informed Dr. Buccini that she may not pursue her asserted claims pursuant to § 241 because there is no private cause of action under § 241; the amended complaint she was directed to file must comply with the pleading requirements of Fed. R. Civ. P. 8; and she must assert personal participation by each named defendant. The January 18 order warned Dr. Buccini that if she failed to file an amended complaint as directed within the time allowed the complaint and the action would be dismissed without further notice.

On February 23, 2012, the Court dismissed the complaint and the instant action without prejudice because of Dr. Buccini's failure within the time allowed to cure the designated deficiencies, to file an amended complaint as directed, or otherwise to

communicate with the Court in any way.  At the time the Court entered the February 23 dismissal order, the Court was unaware that Dr. Buccini had filed on February 22, 2012, a document titled "Declaration of Techinical [sic] Difficulty" (ECF No. 10).  Plaintiff's discussion in the declaration of events dating back to 1998 failed to provide any coherent and logical reason for her failure to comply with the January 18 order within the time allowed.  Therefore, to the extent Dr. Buccini sought an extension of time to comply with the January 18 order, the request was denied, and the Court on February 27 entered an Amended Order of Dismissal.  In the amended dismissal order, the Court once again found that Dr. Buccini had failed, within the time allowed, to cure the designated deficiencies or file an amended complaint as directed, and dismissed the complaint and action without prejudice for failure to comply with the January 18 order within the time allowed.  The Court also entered an Amended Judgment.

On consideration of the motion to reconsider and the entire file, the Court finds that Dr. Buccini fails to demonstrate some reason why the Court should reconsider and vacate the order to dismiss this action.  Once again, the Court finds that Dr. Buccini fails to provide any coherent and logical reason for her failure to comply with the January 18 order within the time allowed.  The motion to reconsider will be denied.

Accordingly, it is

ORDERED that the motion titled "Motion to Vacate and Set Aside Judgment and to Expunge the Record in Nature of Coram Nobis" (ECF No. 13) that Plaintiff, Dr. K K Buccini, filed on March 27, 2012, asking the Court to reconsider and vacate the Amended Order of Dismissal and Amended Judgment entered in this action on February 27, 2012, and which the Court treated as a motion to reconsider pursuant to Fed. R. Civ. P. 59(e), is denied.

DATED at Denver, Colorado, this  10th  day of    April         , 2012.

BY THE COURT:

   s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court